Fredrick SUMANTI, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–72141.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Wendy Benner–Leon, Esquire, Kurt B. Larson, Esquire, OIL, Arthur L. Rabin, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Fredrick Sumanti, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

substantial evidence, *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.

The BIA denied Sumanti's asylum application claim as time-barred. Sumanti does not challenge this finding in his opening brief.

Substantial evidence supports the BIA's denial of withholding of removal because the record does not compel a finding of past persecution. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (holding that a knife wound sustained during general civil strife or widespread random violence is not sufficient to establish persecution).

In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Sumanti has not demonstrated that it is more likely than not that he will be persecuted if returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Further, Sumanti failed to establish that there is a pattern or practice of persecution against Chinese Christians in Indonesia. *See Lolong,* 484 F.3d at 1178–81.

Substantial evidence supports the BIA's determination that Sumanti is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.